IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02606-RM-MJW

KIM LUCERO,

    Plaintiff,

v.

EVELYN DODD, RAUL MIERA, SHARIAN HAINDEL, BILL MAY, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4,

    Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties and the Colorado Mental Health Institute at Pueblo ("CMHIP") stipulate to the entry of this protective order (1) to facilitate discovery in this action, and (2) to protect information whose public disclosure could pose a security risk, and for good cause shown, it is hereby ORDERED:

1. This Order shall protect and govern the handling of the floor plans of CMHIP's Advanced Cognitive Behavioral Unit ("ACBU") produced by CMHIP under Plaintiff's Subpoena Duces Tecum issued July 15, 2015 and the Court's March 29, 2016 minute order, and other Confidential CMHIP Material. "Confidential CMHIP Material" means documents produced by CMHIP within the above-captioned case and designated as "CONFIDENTIAL," which CMHIP in good faith has determined to contain non-public, sensitive, or confidential information.

2. Confidential CMHIP Material is so designated by marking the face of the document and each specific page containing confidential information with the legend "CONFIDENTIAL." Any such designation must be limited to those specific portions of the document that qualify for protection under the standards set forth above so that other portions of the documents are not limited in the extent of their disclosure. Any such designation must occur at the time of production, unless otherwise agreed by CMHIP and the parties.

3. Persons receiving or obtaining access to documents governed by this Order shall use such documents solely for the purpose of prosecuting or defending this litigation and not for any other purpose whatsoever. Except as provided, Confidential CMHIP Material shall not be given, shown, made available or communicated in any way to anyone, except the following persons:

   a. counsel of record for the parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel who are assisting in the conduct of this litigation;

   b. the named parties and those officers and employees of the parties deemed necessary to aid counsel in the conduct of this litigation;

   c. the District Court presiding over this litigation and/or any appellate court hearing any possible appeals from this litigation, judicial officers, and court personnel;

  d. mediators and their employees used in connection with any efforts to mediate this litigation;

  e. court reporters and their employees used in connection with the conduct of this litigation;

  f. subject to paragraph 4 below, witnesses other than the named parties during any interview, deposition, hearing, or informal meeting conducted by counsel for a party;

  g. subject to paragraph 4 below, experts, investigators, and other non-attorney consultants (including their employees, associates or staff) specifically retained by a party to perform work in connection with the prosecution or defense of this litigation; and

  h. subject to paragraph 4 below, any other person designated by the Court after appropriate motion and hearing or agreed to by the parties in writing.

4. Before any party discloses Confidential CMHIP Material to any person pursuant to subparagraphs 3(f), (g), and (h) above, counsel for such party shall provide such person with a copy of this Order, and shall require that the person acknowledge and agree that he or she (and any entity he or she may represent) has read and understood the terms of this Order, and agrees to be fully subject to and bound by its terms and conditions.

5.  In the event a party wishes to use Confidential CMHIP Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such material used therein shall be filed under seal with the Court. The Clerk of this Court is directed to maintain under seal all Confidential CMHIP Material that has been properly filed under seal with the Court in this litigation.

6.  If a person inadvertently discloses Confidential CMHIP Material to anyone other than the persons set forth in paragraph 4, such disclosure shall be reported in writing to CMHIP. In that event, counsel for the person who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential CMHIP Material and any documents containing such Confidential CMHIP Material and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential CMHIP Material in accordance with the terms of this Order.

7.  Nothing in this Order shall operate to waive any person's right to object to the production of information or documents that are subject to a good faith assertion of attorney-client privilege, work product immunity, or any other applicable, recognized privilege or protection. Neither shall compliance with the terms of this Order operate as an admission by any party that any particular document is or is not (a) confidential; (b) privileged; or (c) admissible under the Federal Rules of Evidence.

8. By entering into this Order, no party concedes that any information designated hereunder should be treated confidentially at a hearing or trial, nor that any portion of any hearing or trial should be closed to the public. Prior to use of any Confidential CMHIP Material at any hearing to be held in open court, counsel who desires to use such Confidential CMHIP Material shall take reasonable steps to afford opposing counsel and CMHIP's counsel a reasonable opportunity to object to, or seek other remedial measures in connection with, such use.

9. It shall not be deemed a violation of any of the terms of this Order for a person to produce or disclose information in response to a subpoena or order of any court or governmental agency that requires production of material or information obtained under the terms of this Order, provided that: (a) such person shall promptly notify CMHIP; and (b) said notification shall be made a reasonable time, and if possible not less than ten (10) days, prior to making production pursuant to the subpoena or order.

10. At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "CONFIDENTIAL" shall be destroyed. Upon request, each receiving person shall provide CMHIP an affidavit certifying such destruction.

11. Nothing in this Order shall prevent any party from moving to modify the terms of this Order upon good cause shown.

DATED this ___ day of _____, 2016.

BY THE COURT:

_____

AGREED ON BEHALF OF PLAINTIFF, DEFENDANTS, and CMHIP

DATED: April 15, 2016

CYNTHIA H. COFFMAN
Attorney General

/s/
Tanja E. Wheeler
First Assistant Attorney General
Theodore A.B. McCombs
Assistant Attorney General
Colorado Department of Law, Office of the Attorney General
States Services Section, Human Services Unit
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
tanja.wheeler@coag.gov
theodore.mccombs@coag.gov

*Attorneys for CMHIP*

/s/
Daniel A. Sloane
Gennevieve St. Leger
HILLYARD WAHLBERG KUDLA SLOANE & WOODRUFF LLP
4601 DTC Boulevard, Suite 950
Denver, CO 80237
(303) 571-5302
dan@denvertriallawyers.com
gen@denvertriallawyers.com

*Attorneys for Plaintiff*

/s/
Kathleen L. Spalding

- 7 -

Amy C. Colony
Assistant Attorneys General
Colorado Department of Law, Office of
the Attorney General
Civil Litigation & Employment Law
Section, Tort Litigation
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
kit.spalding@coag.gov
amy.colony@coag.gov

*Attorneys for Defendants*